BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
GARY CLARKE has requested this office to grant leave to sue in quo warranto upon the following questions:
1. Did Dr. Jay Betz comply with the residence qualification for election to the governing board of the Pleasant Ridge Union Elementary School District?
2. Is it in the public interest to grant the application for leave to sue in quo warranto to remove Dr. Jay Betz from office?
 CONCLUSIONS
1. Whether Dr. Jay Betz complied with the residence qualification for election to the governing board of the Pleasant Ridge Union Elementary School District presents a substantial question of law.
2. It is in the public interest to grant the application for leave to sue in quo warranto to remove Dr. Jay Betz from office.
 ANALYSIS
On November 5, 2002, Dr. Jay Betz ("Defendant") was elected to a four-year term as a member of the Board of Trustees ("Board") of the Pleasant Ridge Union Elementary School District ("District"). Gary Clarke ("Relator") contends that Defendant is unlawfully serving as a member of the Board because, both at the time of the election and thereafter, Defendant was not a resident of the District. Relator alleges that Defendant's residence is actually located within the Clear Creek Elementary School District.
Defendant contends that in early 2000, he obtained an extension of Otter Road to reach his property and as a result, his street address was changed from Golden Bear Drive to Otter Road by the county planning department. The new address caused county election officials to erroneously place Defendant's residence within the District's boundaries. On May 8, 2000, Defendant paid a developer fee for school facilities to the District. Defendant's children attend the District's school along with the other children living on Otter Road. School bus service for the area transports the students only to the District's school. Defendant's spouse teaches part time in the District, and Defendant has been an active volunteer in the District for many years prior to his election.
In October of 2002, after the ballots for the election had been printed, it was discovered by election officials that Defendant's residence was not within the District's boundaries. That fact was widely reported by news media during the remainder of the election campaign.
Section 803 of the Code of Civil Procedure provides that an action in the nature of quo warranto "may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon the complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office. . . ." A member of the governing board of a school district holds a public office for purposes of a quo warranto action. (73 Ops.Cal.Atty.Gen. 354, 356 (1990); see 84 Ops.Cal.Atty.Gen 91, 92 (2001).) This proceeding is therefore properly initiated to test whether Defendant "unlawfully holds or exercises" his office as a member of the Board of the District. (84 Ops.Cal.Atty.Gen. 154, 155 (2001).)
In deciding whether to grant leave to sue in the name of the People of the State of California, we consider whether there exists a substantial question of law or fact that requires judicial resolution, and if so, whether the proposed action in the nature of quo warranto would serve the overall public interest. (80 Ops.Cal.Atty.Gen. 242, 242-243 (1997).)
1. Residency Requirement
It is alleged that Defendant did not comply with Education Code section35107, subdivision (a), which provides:
 "Any person, regardless of sex, who is 18 years of age or older, a citizen of the state, a resident of the school district, a registered voter, and who is not disqualified by the Constitution or laws of the state from holding a civil office, is eligible to be elected or appointed a member of a governing board of a school district without further qualifications."
Hence, if a person does not qualify as a resident of the school district at the time of his or her election, that person is not eligible to serve as a member of the district's governing board. (83 Ops.Cal.Atty.Gen. 181, 182-184 (2002); 81 Ops.Cal.Atty.Gen. 98, 101 (1998); 13 Ops.Cal.Atty.Gen. 127, 128 (1949).) "`Residence' for purposes of Education Code section 35107 means `domicile,' a place of physical presence coupled with an intention to make that place one's permanent home; a person may only have one domicile at any given time. [(Citations.]" (81 Ops.Cal.Atty.Gen., supra, at p. 101.) Here, it is conceded that Defendant's place of domicile, both before and after the election, was outside the District's boundaries.
Accordingly, we conclude that whether Defendant complied with the residence qualification for election to the Board of the District presents a substantial question of law.[1]
2. The Public Interest
Defendant contends that the filing of a quo warranto action would not serve the public interest because (1) he and his family have long established ties to the District, (2) the error as to the placement of his residence within the District was not made by him, but by election and school officials, (3) the voters elected him to the District's Board knowing that his residence was outside the boundaries of the District, (4) he has widespread community support for his continued service on the Board, and (5) the disruption and cost to the District of a quo warranto proceeding would be detrimental to the best interests of the District and the community.
In determining whether the public interest would be served by the filing of a quo warranto action, we recognize that ambiguities concerning the right to hold public office are to be resolved in favor of eligibility. As stated by the court in Helen Rubinstein Internat. v.Younger (1977) 71 Cal.App.3d 406, 418:
 "We consider disqualification from public office a significant civil disability. In California, the right to hold public office has long been recognized as a valuable right of citizenship. In 1869, in People v. Washington, 36 Cal. 658, 662, our Supreme Court declared that `[t]he elective franchise and the right to hold public offices constitute the principle political rights of citizens of the several States.' In Carter v. Com. on Qualifications, etc., 14 Cal.2d 179, 182, the court pointed out: `[T]he right to hold public office either by election or appointment, is one of the valuable rights of citizenship . . . The exercise of this right should not be declared prohibited or curtailed except by plain provisions of law. Ambiguities are to be resolved in favor of eligibility to office. . . .'"
Here, however, the law plainly provides that all candidates for election to the District's Board must be residents of the District.
We have generally viewed the existence of a substantial question of fact or law as presenting a sufficient "public purpose" to warrant granting leave to sue in quo warranto. (82 Ops.Cal.Atty.Gen. 78, 81-82 (1999).) Accordingly, leave to sue will be denied only in the presence of other overriding considerations. (85 Ops.Cal.Atty.Gen. 90, 94 (2002).) Such considerations in the past have included the existence of prior litigation, whether the issues are pending in a judicial action, and the relative shortness of time remaining in the term of office. (84 Ops.Cal.Atty.Gen. 135, 140 (2001).) None of these specific considerations are present here.
Consideration has also been given whether requiring the officeholder to respond to a judicial proceeding would tend to discourage participation by citizens on public boards and commissions. (75 Ops.Cal.Atty.Gen. 26, 29 (1992); 74 Ops.Cal.Atty.Gen. 26, 29 (1991); 72 Ops.Cal.Atty.Gen. 15, 24 (1989).) But in those instances when leave to sue has been denied, the preponderance of the evidence or the weight of the law favored the officeholder, whereas here that is not the case. Of course, to the extent that a candidate for office cannot rely on representations made by election and school officials, citizens may be discouraged from running for office. On the other hand, citizens may be discouraged from running for office when it appears that election laws are not being uniformly enforced or when an officeholder is permitted to serve in spite of lacking a required qualification.
On balance, we believe that both the community and the District have an interest in the integrity of their public offices and in the qualifications of their officeholders. Accordingly, the application for leave to sue in quo warranto is GRANTED.
[1] We note that Elections Code section 16100, subdivision (b), permits an election to be contested where "the person declared elected to an office was not, at the time of the election, eligible to that office." This election contest provision is applicable to school district elections. (Ed. Code, § 5440) Post-election relief may thus be obtained by either a quo warranto proceeding or an action under Elections Code section 16100 (See Salazar v. City of Montobello (1987)190 Cal.App.3d 953, 957; 76 Ops.Cal.Atty.Gen. 31, 32 (1993).)